**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

ALEX DECANTER, on behalf of himself and all others similarly situated,

*Plaintiff*,

vs.

CAVALRY PORTFOLIO SERVICES, LLC,

*Defendant*.
______________________________________/

**CLASS ACTION**

**Case No.**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Alex DeCanter brings this class action against Defendant Cavalry Portfolio Services, LLC, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## INTRODUCTION

1. Plaintiff, Alex DeCanter ("Plaintiff"), brings this class action for damages resulting from Cavalry Portfolio Services, LLC's ("Cavalry" or "Defendant") placement of debt collection text messages to Plaintiff's cellular phone after Plaintiff notified Defendant in writing that Plaintiff wished Defendant to cease further electronic communications with Plaintiff, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA").

2. Defendant is a nationwide debt collector. As part of its debt collection operations, Defendant sends consumers multiple debt collection text messages in an attempt to collect alleged debts, even after consumers have communicated in writing that they do not wish to receive further communications.

3. Plaintiff is one such consumer. After receiving a series of debt collection messages from Defendant, Plaintiff notified Defendant in writing that Plaintiff wished Defendant to cease further electronic communications with Plaintiff by sending a written message expressly opting out of electronic communications and requesting that all further communications be sent in writing via U.S. Mail.

4. Nonetheless, Defendant continued to send Plaintiff debt collection text messages after Plaintiff communicated his desire to cease further electronic communications.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

6. Plaintiff seeks relief for himself, and all others similarly situated for Defendant's unlawful behavior.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the federal Fair Debt Collection Practices Act. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

8. The Court has personal jurisdiction over Defendant because Defendant conducts substantial business in this District, including sending debt collection communications to consumers residing in this District.

9. Venue is proper in this District because the acts that give rise to Plaintiff's claims—including but not limited to Defendant's sending of text messages to Plaintiff—occurred within this District.

## PARTIES

10. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Mason County, Michigan.

11. Cavalry Portfolio Services, LLC is a limited liability company with its principal office located at 1 American Lane, Suite 220, Greenwich, Connecticut 06831. Defendant is a collection agency whose principal purpose is the collection of debts, and it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

12. Plaintiff incurred an alleged debt (the "Debt") arising out of services rendered by the creditor to whom the Debt was originally owed, which debt was incurred primarily for personal, family, or household purposes.

13. The Debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

14. Thereafter, the creditor to whom the Debt was originally owed enlisted Defendant to collect the Debt on its behalf. Defendant meets the definition of "debt collector" under 15 U.S.C. § 1692a(6), as its principal purpose is the collection of debts and it regularly collects debts owed to another.

15. Within the last year, on or about July 8, 2026, Defendant began sending debt collection text messages to Plaintiff's cellular telephone, number ending in 0406, from short code 56103, in an attempt to collect alleged debts. As shown below:




16. The text messages identified Defendant as a debt collector and directed Plaintiff to visit a website or call Defendant's phone number to resolve his account, and noted that they were attempts to collect debts.

17. The messages Defendant sent to Plaintiff were substantially similar to one another and to messages Defendant sent to other consumers across the country.

18. On or about July 13, 2026, after receiving debt collection text messages from Defendant, Plaintiff notified Defendant in writing that Plaintiff wished Defendant to cease further electronic communications with Plaintiff by sending Defendant the following written message: "I am exercising my right under regulation F to opt out of electronic communications. Send all further communications in writing VIA US Mail. Do not contact me through text or email again."







19. Despite Plaintiff's written communication requesting that Defendant cease further electronic contact, Defendant continued to send Plaintiff debt collection text messages after

Plaintiff communicated his written request that Defendant cease further electronic communications. A non-exhaustive list of debt collection text messages sent to Plaintiff after his clear written cease-and-desist request follows below:







20. Plaintiff's time was wasted tending to Defendant's text messages sent after he communicated his request that Defendant cease further electronic communications.

21. Moreover, Defendant's continued debt collection messages annoyed, frustrated, and angered Plaintiff.

22. Plaintiff's receipt of Defendant's unauthorized debt collection messages drained Plaintiff's phone battery and caused Plaintiff additional electricity expenses and wear and tear on his phone and battery.

23. Plaintiff is informed and believes that Defendant sent the same or similar text messages to members of the putative Class after they asked Defendant to cease its debt collection texts.

24. Defendant's text messages caused Plaintiff and the Class members harm, including wasted time responding to the texts, violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion.

## CLASS ACTION ALLEGATIONS

### A. The Proposed Class

25. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

26. Plaintiff brings this case on behalf of the Class defined as follows:

> **FDCPA Class: All persons within the United States to whom Cavalry Portfolio Services, LLC or its agent/s and/or employee/s sent a debt collection text message to said person's cellular telephone within the one year period prior to the filing of this Complaint, after said person had previously communicated in writing a request that Defendant cease further electronic communication.**

27. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

28. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

**B. Numerosity**

29. Upon information and belief, Defendant has placed debt collection text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States after receiving written communications asking it to cease contact. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

30. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

**C. Common Questions of Law and Fact**

31. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

a. Whether Defendant sent debt collection text messages to Plaintiff and Class members' cellular telephones after being advised in writing to cease electronic communications;

b. Whether Defendant's practice of sending debt collection text messages to consumers after being asked to cease doing so violates the FDCPA;

c. Whether Defendant is liable for damages, and the amount of such damages; and

d. Whether Defendant should be enjoined from such conduct in the future.

32. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places debt collection text messages to telephone numbers assigned to cellular telephone services after being asked to cease communications is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. Typicality**

33. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E.** Protecting the Interests of the **Class** Members

34. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**F. Proceeding Via Class Action is Superior and Advisable**

35. A class action is the superior method for the fair and efficient adjudication of this controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA. In addition, the interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

36. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

37. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

38. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

39. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

40. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

**COUNT I**
**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c)**
**(On Behalf of Plaintiff and the Class)**

41. Plaintiff repeats and realleges paragraphs 1–40 of this Complaint and incorporates them herein by reference.

42. The FDCPA, 15 U.S.C. § 1692c(c) provides that "If a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—(1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy."

43. Plaintiff and members of the putative Class each notified Defendant in writing that they wished Defendant to cease further communications by communicating in writing their desire

that Defendant cease further electronic contact, but Defendant nonetheless proceeded to send Plaintiff and members of the putative Class subsequent debt collection text messages.

44. Moreover, Defendant's subsequent post-cease messages sought to collect consumers' debts and demanded payments from Plaintiff and members of the putative Class; the messages did not advise that Defendant's further efforts were being terminated nor did they state that Defendant may invoke specified remedies which are ordinarily invoked by Defendant or notify Plaintiff or members of the putative Class that Defendant intended to invoke a specified remedy.

45. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

(a) Actual and statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

(b) An award of attorneys' fees and costs to counsel for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3);

(c) Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

Dated: August 27, 2026

Respectfully submitted,

**Shamis & Gentile, P.A.**
*/s/ Christopher E. Berman*
Christopher E. Berman, Esq.
cberman@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299